IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| **MICHAEL CLAUSER** : | |
| : | Civil Action No.: 19-cv-04980 |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| : | |
| **PARETO SOLUTIONS GROUP, INC.** : | |
| : | |
| **Defendant.** : | |

---

### CONSENT MOTION TO APPROVE SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE

Plaintiff Michael Clauser ("Plaintiff"), with the consent of Defendant Pareto Solutions Group, Inc. ("Defendant"), hereby requests that the Court approve the parties' settlement agreement in the above-captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

**I.     Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c). Second, in the

context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *See e.g. Morales v. PepsiCo, Inc.*, No. 11-6275 (AET), 2012 U.S. Dist. LEXIS 35284, at *2 (D.N.J. Mar. 13, 2012); *see also Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).

## II.     Background and Summary of Settlement Agreement

On February 20, 2019, Plaintiff filed this lawsuit alleging a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") against Defendant in the United States District Court for the District of New Jersey. Defendant has not yet filed a responsive pleading and preserves all applicable defenses. The Settlement Agreement, which seeks to resolve all claims alleged in Plaintiff's lawsuit, constitutes the parties' good faith effort to reach a resolution of this matter. During the litigation and settlement of this action, the parties were represented by experienced counsel. The Court is requested to approve this settlement, including the release of Plaintiff's FLSA claims against Defendant.

The parties agree that the instant action involves disputed issues regarding the payment of wages. Plaintiff alleges a violation of the FLSA, and the parties dispute whether Plaintiff may state a claim under the FLSA. The parties agree that

their settlement negotiated and reached reflects a reasonable compromise of the disputed issues. Counsel for the parties discussed the disputed factual and legal issues prior to reaching this settlement, and both parties have voluntarily agreed to the terms reached in the Settlement Agreement. A copy of the parties' *Settlement Agreement and Release* ("Settlement Agreement") is attached hereto as <u>Exhibit A</u>. The proposed settlement includes a full release of all claims by Plaintiff against Defendant in exchange for the full amount of wages Plaintiff alleges he is owed, plus liquidated damages and attorneys' fees.

**III. Conclusion**

Plaintiff respectfully requests that the Court approve the attached Settlement Agreement and dismiss this lawsuit with prejudice. The parties agree that by entering into the Settlement Agreement, and by consenting to entry of the Consent Order Approving Settlement and Dismissing the Case with Prejudice, Defendant is not admitting any liability and preserves all defenses which may be available to it. For the Court's convenience, a proposed order is attached hereto as <u>Exhibit B</u>.

[SIGNATURES ON FOLLOWING PAGE]

Submitted this 6th day of March, 2019.

| **CONSENTED TO BY:** | **BY:** |
|---|---|
| */s/ Jeffrey Douglas* | /s/ *Samuel A. Dion* |
| Jeffrey G. Douglas | Samuel A. Dion |
| JDouglas@FordHarrison.com | samueldion@aol.com |
| **Ford & Harrison, LLP** | **Dion & Goldberger** |
| 60 East 42nd Street, 51st Fl. | 185 Walnut Street, Suite 1199 |
| New York, NY 10165 | Philadelphia, PA 19103 |
| Tel: (212) 453-5900 | Phone: (215) 546-6033 |
| Fax: (212) 453-5959 | Attorney for Plaintiff |
| Attorney for Defendant | |

WSACTIVELLP:10412676.1

# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by and between **Michael Clauser** ("Plaintiff") and **Pareto Solutions Group, Inc.** ("Defendant"). Together, Plaintiff and Defendant are hereinafter referred to collectively as the "Parties."

## RECITALS

WHEREAS, Plaintiff filed suit against Defendant in the United States District Court for the District of New Jersey, which was assigned Case No. 1:19-cv-04980-NLH (the "Lawsuit");

WHEREAS, Plaintiff's Complaint alleges a violation of, *inter alia*, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, Defendant's responsive pleading is not yet due;

WHEREAS, at all times, Defendant has vigorously denied, and continues to deny, any wrongdoing in connection with the claim asserted in Plaintiff's Complaint; and

WHEREAS, the Parties desire to resolve their claims, disputes and disagreements without any admission of liability and without a waiver of any of the defenses which Defendant may be entitled to raise.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual recitals, covenants and other good and valuable consideration recited herein, the receipt and legal sufficiency of which each Party hereby acknowledges, agree as follows:

## SETTLEMENT TERMS

1. **Payment.** In consideration for signing this Agreement and the fulfillment of the promises contained herein, Defendant shall pay Plaintiff and his counsel a total sum of **$14,600** (the "Settlement Payment"). The Settlement Payment shall be divided as follows:

   a. One check made payable to Plaintiff in the amount of $4,800.00 less all appropriate taxes and withholdings, to represent settlement of Plaintiff's claim for alleged unpaid wages. Defendant will issue an IRS W-2 Form for this amount.
   b. One check made payable to Plaintiff in the amount of $4,800.00 to represent settlement of his claim for liquidated damages and other non-wage damages, and damages associated with all other claims. Defendant will issue an IRS Form 1099 for this amount to Plaintiff specifically checking box 3 and designating the payment as "other income."
   c. One check made payable to Plaintiff's counsel, Samuel Dion, in the amount of $5,000.00 to represent Plaintiff's attorneys' fees and other costs. Defendant will issue an IRS Form 1099 for this amount specifically checking box 3 and designating the payment as "other income."

The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs incurred, except as otherwise provided in this Paragraph, and that neither Party nor its attorney(s) will seek any award of attorneys' fees, costs, or other monies from the other Party.

2. **Taxes.** Plaintiff and Plaintiff's counsel agree to provide Defendant the requisite tax identification numbers and other information, including executed W-9 forms, as requested by Defendant, to execute the Settlement Payment. Plaintiff shall be solely responsible for, and is legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by him to any federal, state, local or regional taxing authority as a result of the Settlement Payment. Plaintiff agrees to indemnify and hold Defendant harmless with respect to any taxes, interest, penalties, or any other costs or monies related to the Settlement Payment. Defendant does not make any warranty or representation to Plaintiff or his counsel regarding the tax consequences of the Settlement Payment—including, but not limited to, the treatment of certain monies as non-wage damages.

3. **Timing of Payment.** The full Settlement Payment shall be payable to Plaintiff and his counsel within ten (10) business days after the occurrence of all of the following events: (1) the Parties execute this Agreement; (2) the Court approves this Agreement and dismisses the Lawsuit with prejudice; and (3) Defendant's counsel receives executed W-9s from Plaintiff's counsel. Defendant shall send all checks to Samuel Dion at 1845 Walnut Street, Suite 1199, Philadelphia, PA 19103.

4. **Court Approval of Agreement and Dismissal with Prejudice.** The Parties agree that they shall execute a copy of this Agreement and file a Consent Motion to Approve Settlement and Dismiss Lawsuit with Prejudice (along with a proposed order and executed copy of this Agreement). Such motion shall seek judicial approval of the Settlement Agreement and dismissal *with prejudice* of all of Plaintiff's claims against Defendant. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement and dismissal of this lawsuit. The failure to secure the dismissal of the Lawsuit *with prejudice*, for whatever reason, will nullify Plaintiff's and counsel's right to the Settlement Payment.

5. **Release of Fair Labor Standards Act Claim.** In exchange for the consideration described herein, Plaintiff, on behalf of himself and his heirs, successors, agents, and all other related persons or entities, hereby unconditionally and irrevocably releases, remises and forever discharges Defendant, on behalf of itself, its insurer(s), and its subsidiary, parent, affiliate, and successor companies of and from any and all complaints, actions, suits, charges, and any claims for counsel fees and costs, unpaid or withheld wages, severance, demands, costs, losses, benefits, bonuses, or commissions, and/or expenses, of any nature whatsoever, asserted or unasserted, named or unnamed, suspected or unsuspected, which Plaintiff ever had, now has, or hereafter may have against Defendant arising out of the Fair Labor Standards Act.

6. **General Release.** Plaintiff further unconditionally and irrevocably releases and forever discharges Defendant, as well as any client of Defendant whom Plaintiff contacted during the course of his employment with Defendant, from any and all complaints, actions, suits, charges, and any claims, of any nature whatsoever, asserted or unasserted, named or unnamed, suspected

or unsuspected, which he has ever had, now has, or hereafter may have arising out of or relating to Plaintiff's employment or termination from employment, which arose at any time through the Effective Date of this Agreement, including without limitation: breach of contract; assault, battery, defamation or other tort; wrongful termination; unpaid compensation; violations of Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; the Rehabilitation Act of 1973; the Civil Rights Act of 1991; the Americans with Disabilities Act of 1990; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Family and Medical Leave Act of 1993; the Fair Labor Standards Act of 1938; the Employee Retirement Income Security Act of 1974; the Lilly Ledbetter Fair Pay Act of 2009, and; the Sarbanes-Oxley Act of 2002; the New Jersey Law Against Discrimination (NJLAD), N.J. Stat. § 10:5-1 *et seq.*; the New Jersey Conscientious Employee Protection Act (NJCEPA), N.J. Stat §34:19-1 *et seq.*; the New Jersey Family Leave Act (NJFLA), N.J. Stat. § 34:11B-1 *et seq.*; the New Jersey Wage Payment Law; the New Jersey Wage and Hour Law; retaliation claims under the New Jersey Workers' Compensation Law (NJWCL); the New Jersey Discrimination in Wages Law; the New Jersey Civil Union Act; the New Jersey Smoking Law (NJSL); all as amended (if applicable), and any other federal, state, local and/or municipal human rights statutes, fair employment statutes, laws and/or regulations pertaining to employment, the termination of employment, or discrimination in employment. It is expressly understood and agreed that the release contained in this Agreement is a general release. For purposes of this Agreement, the "Effective Date" shall be the date that Plaintiff signs the Agreement.

7. **No Outstanding or Known Future Claims/Causes of Action.** Plaintiff affirms that he has not filed with any governmental agency or court any type of action, report, or complaint against Defendant (other than the Lawsuit), or against any client of Defendant whom Plaintiff contacted during the course of his employment with Defendant. Plaintiff further affirms that he currently knows of no existing act or omission by the Defendant, or by any client of Defendant whom Plaintiff contacted during the course of his employment with Defendant, that may constitute a claim or liability that is not released by this Settlement Agreement.

8. **No Admission of Liability.** The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendant. Defendant specifically disclaims and denies any liability to Plaintiff. Defendant further disclaims and denies that it engaged in any wrongful, tortious or unlawful activity. Defendant has not yet filed its responsive pleading in the Lawsuit and hereby preserves any defenses available to it.

9. **Covenant Not to Sue.** A "covenant not to sue" is a legal term, which means that a party promises not to file a lawsuit against another in court. It is different than the general releases contained in the "General Release" section above. Plaintiff agrees not to sue Defendant or its successors; insurer(s); former, current, and future related companies, divisions, subsidiaries, affiliates, and parents; former, current, and future, directors, officers, members, employees, agents, and representatives; any of Defendant's clients; or any other related persons or entities (collectively, "Released Party") in any forum for any claim arising through the Effective Date of this Settlement Agreement. If Plaintiff violates this Agreement by suing any Released Party, he shall be liable for reasonable attorneys' fees and other litigation costs incurred by the Released

Party in defending such a lawsuit. This Paragraph shall not apply if Plaintiff sues to enforce the terms of this Agreement.

10. **Rights and Claims Excluded from Waivers and Releases.** This Agreement does not waive any rights that cannot be waived by law, such as Worker's Compensation claims and Unemployment benefits. Plaintiff is waiving, however, any right to recover money in connection with any agency charge or investigation pertaining to his employment with Defendant. Similarly, Plaintiff is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal government agency pertaining to his employment with Defendant.

11. **Non-Disparagement.** Plaintiff agrees that, unless required to do so by legal process, he will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about Defendant or any of the Defendant's directors, officers, employees, agents, representatives, or clients. For purposes of this Paragraph, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, or good character of the person or entity to whom the communication relates.

12. **Return of All Property.** Plaintiff hereby certifies and affirms that he has no property or information of Defendant or any of Defendant's clients in his possession, custody, or control, nor could he obtain such property or information. Plaintiff further affirms that he has not used any property or information of Defendant or any of Defendant's clients for his own benefit or the benefit of any other entity. For purposes of this section, the "property or information of Defendant or any of Defendant's clients" shall include all information, data, or other property that Plaintiff possessed, accessed, used, or created due to his employment relationship. If Plaintiff violates or threatens to violate this term, or continues to possess any property or information of Defendant or any of Defendant's clients, he shall be liable for reasonable attorneys' fees and other litigation costs incurred by Defendant in enforcing such term. Plaintiff acknowledges and agrees that this term constitutes a material term of the Settlement Agreement.

13. **No Future Employment or Other Relationship between the Parties.** Plaintiff agrees to never seek or accept rehire, employment, an independent contractor or consulting relationship, or any other working relationship, either directly, through a temporary agency, or by any other method, with Defendant or any current or future affiliated company (collectively, "Defendant's Affiliates"). Plaintiff agrees that Defendant's Affiliates shall have no obligation to engage his services in any capacity in the future and that any application or request for employment or work may be denied solely based on Plaintiff's breach of this provision.

14. **Agreement is Legally Binding.** The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, any Released Party is a third-party beneficiaries of this Agreement.

15. **Confidentiality.** Except as is necessary to obtain court approval of this Agreement, Plaintiff agrees and covenants that he shall not disclose any of the terms of or amount paid under

this Agreement or any information regarding the negotiation thereof to any individual or entity (including disclosure on social media or similar accounts); provided, however, that Plaintiff will not be prohibited from making disclosures to his attorney, tax advisors and/or spouse, or as may be required by law (so long as those third-parties understand and agree to keep such information confidential). This section does not, in any way, restrict or impede Plaintiff from exercising protected rights to the extent that such rights cannot be waived by agreement or from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, provided that such compliance does not exceed that required by the law, regulation or order. Plaintiff acknowledges and agrees that confidentiality constitutes a material term of the Agreement.

16. **No Aid to Third Parties.** Unless otherwise provided by law, Plaintiff agrees to not aid and abet any third party, including but not limited to the past, current, and future employees of Defendant in making, asserting, bringing, or maintaining any claim, demand or civil action against Defendant.

17. **Full Payment for Work Performed.** Plaintiff acknowledges that, with the payments set forth in this Agreement, he has been fully compensated by Defendant for all unpaid wages for hours allegedly worked, including unpaid minimum wages, overtime wages, liquidated damages, attorneys' fees and any other damages allegedly owed by Defendant, and that no other form of compensation or other damage of any kind is owed to him by Defendant.

18. **Entire Agreement.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

19. **New or Different Facts: No Effect.** Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

20. **Interpretation.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

21. **Governing Law and Choice of Forum.** This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to the principles of conflicts of laws. Any action to enforce this Agreement or arising out of or related to this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

22. **Reliance on Own Counsel.** In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, that the terms are fully understood and voluntarily accepted by them, and that no other promises or representations of any kind have been made to them by the other Party that are not reduced to writing herein. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any other representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement.

23. **Counterparts and Facsimile/Electronic Signatures.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Executed Agreements delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

24. **Drafting.** The Parties agree that they jointly have agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

**AGREED TO BY THE PARTIES, WITH THE INTENT TO BE LEGALLY BOUND.**

| MICHAEL CLAUSER | PARETO SOLUTIONS GROUP, INC. |
|---|---|
| Signature: *Michael P Clauser* | Signature: *[signature]* |
| Date: 2/27/2019 | By (Print): Shaun Harvill |
|  | Title: Managing Partner |
|  | Date: 02/25/2019 |

WSACTIVELLP:10391613.1

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL CLAUSER** | : |
| | : Civil Action No.: 19-cv-04980-NHL |
| **Plaintiff,** | : |
| v. | : |
| **PARETO SOLUTIONS GROUP, INC.** | : |
| **Defendant.** | : |

# [PROPOSED] ORDER APPROVING SETTLEMENT AND DISMISSING LAWSUIT WITH PREJUDICE

This matter is before the Court upon the Consent Motion to Approve the Parties' Settlement Agreement. The Court has reviewed the Motion and is fully advised on the matter; it is hereby **ORDERED AND ADJUDGED**:

1. The Consent Motion to Approve the Parties' Settlement Agreement is **GRANTED**.

2. The Court finds that the agreed-upon terms and conditions of settlement of this litigation, in which certain claims arise under the Fair Labor Standards Act, are fair and reasonable under the circumstances, and the Settlement Agreement is hereby **APPROVED**.

3. This action is hereby **DISMISSED WITH PREJUDICE**, with costs and fees to be paid pursuant to the terms of the Settlement Agreement.

**SO ORDERED** this ___ day of March, 2019.

_____
**Judge Noel L. Hillman**
**United States District Court,**
**District of New Jersey**